IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MILTON A. ZAIONTZ, JR. and<br>PATTI ZAIONTZ,<br><br>       PLAINTIFFS<br><br>V.<br><br>SETERUS, INC.,<br><br>       DEFENDANT | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 5:15-CV-437-RP |

## ORDER

Before the Court is Defendant's Motion to Dismiss, filed on June 3, 2015 (Clerk's Dkt. #3). Plaintiffs have not responded to Defendant's motion. Having reviewed the motion, the applicable case law and the entire case file, the Court finds Defendant's motion should be granted.

## BACKGROUND

On May 4, 2015, Plaintiffs filed their Original Petition, Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction in the 166th Judicial District Court of Bexar County, Texas (the "State Court") seeking to prevent the foreclosure of certain real property in Bexar County, Texas (the "Property"). Defendant removed this action to federal court on May 27, 2015 based on diversity jurisdiction, and now moves to dismiss Plaintiffs' petition pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[1] Plaintiffs have not filed a response to Defendant's motion.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure Rule 12(b)(1), a defendant may move for dismissal of the case for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "A case is properly

---

[1] Defendant also moves to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In light of the ruling contained herein, the Court need not address Defendant's arguments under Rule 12(b)(6).

dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  When considering a motion to dismiss under Rule 12(b)(1), a court may evaluate the complaint alone, the complaint supplemented by undisputed facts in the record, or "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

Under Article III of the United States Constitution, "federal courts may adjudicate only 'actual, ongoing cases or controversies.'" *Alwan v. Ashcroft*, 388 F.3d 507, 511 (5th Cir. 2004)(citing *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988)).  When the issues presented are no longer live, a case becomes moot.  *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395-96 (1980).  Mootness presents a question of subject matter jurisdiction.  *Alwan*, 388 F.3d at 511-12.  A dispute is considered moot if it has been resolved.  *American Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988).

## DISCUSSION

Plaintiffs' response to the motion to dismiss was due on June 17, 2015.  *See* W.D. Tex. Local R. CV-7(e) (response to dispositive motion due not later than fourteen days after filing of motion).  To date, Plaintiffs have not filed any response.  Thus, pursuant to Local Rule CV-7(e), the motion may be granted as unopposed if review of the pleadings reveals that Plaintiff's claims should be dismissed pursuant to Rule 12(b)(1).  *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (noting disapproval of automatic grant of dispositive motion for failure to comply with local rules).

Plaintiffs filed their petition seeking from the State Court a temporary restraining order and injunction enjoining Defendant from "taking any action whatsoever, including but not limited to,

foreclosing, eviction, selling or excluding Plaintiffs from [the Property]." (Petition, ¶ 17). Plaintiffs sought no other relief. On May 4, 2015, the State Court issued the requested temporary restraining order and the scheduled foreclosure sale of the Property was cancelled. (Not. of Remov., Ex. B-4).

Accordingly, Plaintiffs have received the relief requested in their petition and there is no longer any actual case or controversy to be considered. The Court finds this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** Defendant's Motion to Dismiss (Clerk's Dkt. #3) is hereby **GRANTED** and Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(1).

**SIGNED** on July 2, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE